■ The People of the State of New York, Respondent, v Charles Ekblom, Appellant.—Judgment of the Supreme Court, New York County, rendered November 28, 1978, convicting defendant after a bench trial of petit larceny (three counts), attempted grand larceny in the third degree (one count), offering a false instrument for filing in the first degree (three counts), and falsifying business records in the first degree (one count), and sentencing defendant to pay fines totaling $14,500, or upon failure of payment, to be imprisoned for specified terms, unanimously modified, on the law, to vacate the fines of $500 on each of the three counts for petit larceny and on the one count of attempted grand larceny in the third degree, and to reduce the fines of $2,500 on each of the counts of offering a false instrument for filing in the first degree to $1,500 and the fine of $5,000 on the count of falsifying business records in the first degree to $3,000, so as to impose fines totaling $7,500, and otherwise affirmed. We are required to vacate the fines on defendant's convictions of petit larceny and attempted grand larceny, because these convictions were predicated upon acts which were also material elements in his convictions of offering a false instrument for filing or falsifying business records (Penal Law, § 80.15). We reduce the fines on his convictions of offering a false instrument for filing and falsifying business records for the reason that in the context of the larcenies established at trial, the imposition of fines so disproportionate to the thefts constituted an abuse of discretion. The counts of larceny and attempted larceny do not specify the sums allegedly stolen by defendant. However, it appears undisputed that defendant's thefts from the State during the periods set forth in said counts amounted to $34, $89 and $89 , respectively. These sums were obtained through the filing with the State Department of Health of written instruments that itemized nursing home expenditures, a prerequisite for reimbursement by the State through the City of New York.

The Trial Judge found that some but not all of the statements in the instruments were false, and that the statements which were false were made by defendant with knowledge of their falsity and intent to defraud the State. While we do not quarrel with these conclusions of the Trial Judge, we find, in the circumstances, that the fines were substantially excessive. By our action, we do not intend in any manner to denigrate the requirement that statements which are to be filed under the law must be truthful in every respect. Concur—Kupferman, J. P., Birns, Markewich, Ross and Lynch, JJ.